UNITED STATES of America ex rel. Robert JENKINS

v.

Saul BOOKBINDER.

Misc. No. 3895.

United States District Court E. D. Pennsylvania.

Sept. 27, 1968.

Arlen Specter, Dist. Atty., Philadelphia County, for defendant.

## OPINION AND ORDER

TROUTMAN, District Judge.

Relator was tried and convicted by a judge without a jury in the Criminal

Courts of Philadelphia County, February Term, 1966, on Bill Nos. 69–73, charging burglary of a motor vehicle, larceny and receiving stolen goods. He was sentenced to a term of one and one-half to three years on Bill No. 72 and is presently serving that sentence in the State Correctional Institution at Holmesburg. He was also placed on consecutive one-year periods of probation on each of the four other indictments. Judgment was subsequently arrested on Bill No. 70.

Relator has collaterally attacked his conviction and sentence in the State Courts by way of the Post Conviction Hearing Act, 19 P.S. § 1180–1 et seq. He was denied relief by the lower court which was affirmed on appeal to the Superior Court and the Supreme Court denied allocatur. In this habeas corpus petition he seeks to have the convictions set aside because they resulted from the following alleged violations of his constitutional rights:

1. In violation of due process the trial court admitted into evidence a "tacit admission" by realtor of a fact vital to the proof of the prosecution's case;

2. Relator was seized and searched without sufficient probable cause;

3. The convictions so lacked evidentiary support as to constitute a denial of due process.

The Commonwealth was ordered to show cause why a writ of habeas corpus should not be granted and the Clerk of the Quarter Sessions Court was ordered to produce the record of the State Court proceedings in this Court. After an examination of the State Court record we have concluded that the merits of relator's contentions may be disposed of without the necessity of conducting an evidentiary hearing in this Court.

The testimony at the trial reveals that upon receipt of a radio call at approximately 2:10 A.M. two police officers of the Philadelphia Police Department went to the parking lot of the Sheraton Hotel at 39th and Sansom Streets, Philadelphia, Pennsylvania. When they arrived on the scene they observed relator standing near a fence which encircles the lot. They observed no one else in the vicinity. As they approached, relator began walking from the fence and away from the parking lot. They stopped relator and a search along the fence disclosed that at the point where relator had been standing there was a suitcase and a black portable typewriter in a case. At this time the officers were approached by an unidentified man who in relator's presence informed them that he had seen relator get out of a 1958 Plymouth automobile which was then parked in the 3900 block of Sansom Street. Relator neither admitted nor denied it. The officers proceeded to the 1958 Plymouth and observed a tan suitcase and a briefcase in the rear seat. They then searched relator and found a set of keys that fit the ignition and trunk of this car. The arresting officer took relator into custody as well as the items found along the fence and in the rear seat of the Plymouth.

A police detective then testified that subsequent investigation established that the 1958 Plymouth was a stolen car and none of the items found in the car were left there by the actual owner. He also testified that the items found along the fence and in the rear seat of the Plymouth were stolen from automobiles owned by residents of the Sheraton Hotel and parked in the Sheraton Hotel parking lot. In each instance access was gained to the interior of the automobile involved by breaking the vent window. The testimony of the owner of the 1958 Plymouth and the owners of the other items stolen was corroborative of the testimony of the police detective regarding his investigation.

## 1. Tacit admission

Relator contends that the admission into evidence of the hearsay statement of the unidentified man and the use of his failure to respond as a tacit admis-

sion of the contents of the statement was violative of due process.[1]

In support of his contention that the use of his tacit admission was violative of due process relator relies upon the decisions of the Third Circuit in United States ex rel. Staino v. Brierly, 387 F.2d 597 (3rd Cir. 1967) and United States ex rel. Smith v. Brierly, 384 F.2d 992 (3rd Cir. 1967). In both *Staino* and *Smith* the Court held that the use of a tacit admission in a criminal trial is violative of due process only where its use is fundamentally unfair. Although the Court did not isolate those instances in which the use of tacit admissions would be fundamentally unfair, it did stress several factors—the fact that the tacit admissions were vital to the prosecution's case,[2] the presence of a warning of the right to remain silent given prior to the failure to respond[3] and the fact that the individual was being subjected to cus-todial interrogation by the police at the time of the tacit admission [4]—as indicia of when a tacit admission is fundamentally unfair. None of these factors are here present.

The statement of the unidentified man, along with the other things then known to the police officers, certainly justified them in investigating the circumstances surrounding the car in question. When they did so they observed that the vent window was broken, that there was a tan suitcase and a briefcase in the rear seat and that keys found on relator's person fit the trunk and ignition. These factors even without the use of relator's failure to respond as a tacit admission, were sufficient to connect relator with the car in question so as to make out that element of the prosecution's case.[5] Furthermore, relator was not warned of any right to remain silent so as to induce him to tacitly admit that he did get out of the car.

1. Whether the statement by the unidentified man to the effect that relator got out of the stolen car was hearsay depends on the issue upon which the statement is offered into evidence. Only if it was offered to prove the truth of the matter asserted is it hearsay. If it was offered on the issue of whether relator did get out of the car, it was being used as evidence of truth of the matter asserted and is hearsay. If it was offered on the issue of whether the police officers had probable cause to investigate the circumstances surrounding the stolen car, it is not hearsay, for the issue is not whether relator got out of the car, but whether the statement was made and its consequent effect on the police officers' state of mind. The issue of probable cause was never formally raised by the defense until after trial, although it was alluded to at one point in the record during the course of trial. We will therefore consider the statement as offered on the issue of whether relator did get out of the car and admitted into evidence under the tacit admission exception to the hearsay rule.

2. United States ex rel. Smith v. Brierly, supra, at 993:
"We agree with the district court that the use of such an episode as an admission by the accused of a fact vital to the proof of a capital offense cannot be squared with the requirement of the Fourteenth Amendment that criminal procedure be fundamentally fair. * * "

3. United States ex rel. Staino v. Brierly, supra, at 600:
" * * * When the questioning officer prefaced his paraphrase, and on the second occasion his reading, of an alleged confederate's confession with a statement to the prisoner that he need not answer and that whatever he might say would be used against him, a normally proper preface to a bona fide request for information was being used as an invitation or an inducement to silence, with the undisclosed purpose of using that silence as a manifestation of consciousness of guilt. * * * "

4. United States ex rel. Staino v. Brierly, supra, at 600:
" * * * one's normal response to hearing derogatory statements about himself is substantially inhibited by the very fact that he is under arrest on a criminal charge and is being questioned by police officers in an obvious effort to substantiate that charge. * * * "

5. The trial judge himself appeared to recognize that the truth or falsity of the statement of the unidentified man and the tacit admission by relator were not vital to the prosecution's case. N.T. 26 and 27.

Nor was relator being subjected to custodial interrogation by the police at the time of the tacit admission. Consequently, even assuming relator's silence was regarded as a tacit admission by the trial judge, we conclude that it was not obtained and used in a way that was fundamentally unfair.

## 2. Probable cause

■ The constitutionality of an arrest made without a warrant depends upon:

" * * * whether, at the moment the arrest was made, the officers had probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense. Brinegar v. United States, 338 U.S. 160, 175–176, [69 S.Ct. 1302, 93 L.Ed. 1879]; Henry v. United States, 361 U.S. 98, 102 [80 S.Ct. 168, 4 L.Ed.2d 134]. * * * " Beck v. State of Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L. Ed.2d 142 (1964).[6]

■ It admittedly would be difficult to conclude that this arrest was based upon probable cause if the arrest had been based solely upon the statement made to the police by the unidentified man. But the arrest was based also on the discovery of stolen goods near the fence at a point from which the defendant was walking and the discovery of stolen goods in the rear seat of the stolen car to which they were directed.[7] This combination of factors, coupled with the fact that the police officers were summoned to investigate a complaint that someone on the parking lot was seen tampering with automobiles[8], clearly constituted probable cause for relator's arrest.

■ We cannot agree with the contention that since the statement to the police officers by the unidentified man constituted hearsay it was not admissible at trial and therefore cannot be considered in attempting to determine whether there existed probable cause for an arrest. This argument overlooks the distinction between what is required for the purpose of proving guilt and what is required for the purpose of establishing probable cause. In the latter case the focal point is the state of mind of the arresting officer as measured by objective criteria, whereas in the former the focal point is the guilt or innocence of the accused. To sustain such an argument " * * * approaches requiring (if it does not in practical effect require) proof sufficient to establish guilt in order to substantiate the existence of probable cause. * * * ." Brinegar v. United States, 338 U.S. 160, 173, 69 S.Ct. 1302, 1309, 93 L.Ed. 1879 (1949); See also Draper v. United

6. Relator contends that the only possible justification for the seizure and search of his person must be based upon the power of the police to "stop and frisk" suspicious persons. In Terry v. State of Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (June 10, 1968) the Supreme Court examined the role of the Fourth Amendment in the confrontation on the street between the citizen and the policeman investigating suspicious circumstances. However, Terry v. State of Ohio, supra, is inapplicable because for reasons discussed in the main body of his opinion the detention of relator and the search of his person was based upon more than mere suspicious circumstances.

7. It is significant to note on the issue of probable cause that the items observed in the rear seat of the stolen car, as well as the items found near the fence encircling the hotel parking lot, are items which might commonly be found in automobiles parked in the lot of a hotel.

8. Relator's counsel at the time of trial objected to testimony concerning the substance of the radio call and it was excluded from evidence. However, relator's own counsel in his brief on appeal in the State courts admits that it is reasonable to infer that the police officers went to the parking lot "to investigate the possibility that some crime was about to be committed or may have been committed."

States, 358 U.S. 307, 311–312, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).

Since the arrest was lawful the police had the right to make a contemporaneous search of relator's person incidental to that arrest. Preston v. United States, 376 U.S. 364, 367, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964). This rule allowing contemporaneous searches is justified by the need to seize weapons and to prevent the destruction of the fruits of or implements used to commit the crime. The search of relator produced a key which fit the ignition and trunk of the stolen car. It might easily have been destroyed or otherwise disposed of by relator had it not been seized by the police officers at the time of the search. Under all the circumstances, the search was certainly sufficiently limited in time and place so as to be incidental to the arrest and we, therefore, conclude that the search of relator's person was reasonable, rendering the evidence obtained as a result of the search admissible.

Having concluded that both the arrest and search incidental thereto were reasonable, it is unnecessary to consider the Commonwealth's argument that since relator at the time of trial failed to object to the admission into evidence of the fruits of the search he has waived that right.

### 3. Evidentiary support

Relator contends that the conviction is so lacking in evidentiary support as to constitute a denial of due process of law. Whether the conviction is so lacking in evidentiary support depends upon whether:

> " * * * the charges * * * were so totally devoid of evidentiary support as to render [the] conviction unconstitutional under the Due Process Clause of the Fourteenth Amendment. Decision of this question turns not on the sufficiency of the evidence, but on whether [the] conviction rests upon any evidence at all."

Thompson v. City of Louisville, 362 U.S. 199, 199, 80 S.Ct. 624, 625, 4 L.Ed. 2d 654 (1960).

The observations of the police officers and the subsequent investigation by the police detectives, all of which were admitted into evidence, and corroborated by the owners of the stolen goods, constitute some evidence on all the essential elements of the crimes charged. Due process requires no more.

Relator's petition for a writ of habeas corpus will be denied and his request for the appointment of counsel will likewise be denied.

There is no probable cause for an appeal.